(No. 35236.— ▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER PETERSON, Plaintiff in Error.

*Opinion filed November 18, 1959.*

JOHN L. WHITE, of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, and WILLIAM H. SOUTH, Assistant Attorneys General, and FRANCIS X. RILEY, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

In a bench trial before the criminal court of Cook County Walter Peterson was convicted of robbery and sentenced to not less than three nor more than six years' imprisonment. He contends on this writ of error that evidence obtained by an unlawful search of his home was improperly admitted against him.

It appears that on December 21, 1956, around 3 A.M., one Brady Heglar was pushed into an alley and robbed as he was walking along a street in Chicago. Seven or eight dollars and a cloth zipper jacket were taken from him. He immediately reported the incident to the police, described

his assailant, and signed a complaint. Some nine days later he saw defendant on the street and purportedly recognized him as the man by whom he had been robbed the week before. The police were called, and they placed defendant under arrest as he came out of a drug store. After searching and questioning him the two arresting officers placed him in a car with Heglar, and the four of them drove to defendant's place of residence, a small apartment building or rooming house. Upon their arrival the landlady admitted them into the building, and a search was made of defendant's room. In a clothes closet the officers found a cloth zipper jacket which fitted the description given by Heglar.

Both the arrest and the search were made without a warrant. It is conceded by the People that the only question for determination here is whether the evidence sufficiently shows defendant consented to the search. At the hearing on the motion to suppress, two witnesses testified, a police officer and the defendant. The officer testified that after being arrested the defendant denied having taken the coat, and said "You can go to my house and look;" that defendant had no key to his room with him, but on arrival at the rooming house he obtained a bunch of keys from the landlady; and that after asking the officer to help him find the right one he unlocked the door himself. The defendant testified that upon being arrested he was searched and questioned; that he informed the police officers of his address; that officer Howard Seaberry then told him they were going to his house; and that after their arrival, when the landlady handed him the bunch of keys, Seaberry took them from him and unlocked his door. He insists that he gave no permission but simply said nothing when told that the police were going to his room.

It has long been established in this State that unless consent is given the home of a person charged with crime cannot be searched without a warrant. (*People v. Grod*, 385 Ill. 584.) Whether consent has been given in the par-

ticular case is a factual matter to be determined in the first instance by the trial court, and where the evidence on the issue is in conflict this court will accept the finding below unless it is clearly unreasonable. (*People* v. *Mathews*, 406 Ill. 35; *People* v. *McDonald*, 365 Ill. 233; *People* v. *Reid*, 336 Ill. 421.) Because a court of review is not in a position to observe the witness as he testifies, questions of credibility and the weight to be given his testimony must be left largely in the discretion of the trial court.

The evidence of guilt is clear and convincing, and no reversible error has been shown. The judgment must therefore be affirmed.