Christopher Duncan and Mose Duncan, by David Duncan, Their Father and Next Friend, Plaintiffs-Appellees, v. Eugene Fisher and Peoria City Lines, Inc., a Corporation, Defendants-Appellants.

Gen. No. 68–4.

Third Judicial District.

November 25, 1968.

Cassidy, Cassidy, Quinn & Lindholm, and Young & Sullivan, of Peoria, for appellants.

Mathis, Sloan & Littler, of Peoria, for appellees.

SCHEINEMAN, J.

Two boys employed as caddies at a country club north of Peoria were given a ride into the city by Mr. Eugene Fisher. En route their car crashed into the rear of a city bus stopping for passengers. Both boys were injured and suit was filed by their father as next friend. One count charged their injuries were caused by the wilful and wanton conduct of the defendant Fisher and another count against Peoria City Lines, Inc., charged they were caused by the negligent operation of the city bus. A jury returned verdicts for the boys against both defendants. Post-trial motions were denied, and judgments entered on the verdicts, from which this appeal is taken.

The accident happened in midafternoon of a summer day, on Knoxville Avenue at Crestwood Drive. Fisher had stopped at a traffic light four or five blocks before

reaching Crestwood. A bus came from the east and turned south on Knoxville in the lane farthest to the right of the four-lane pavement. Fisher followed it when his light turned green.

Fisher observed that he was gaining on the bus which slowed down and was stopping at Crestwood. Accordingly, he decided to go around it. He speeded up to 60 or 65 m. p. h. and tried to swerve into the second southbound lane. However, there was other traffic there, and a car was at his left rear which prevented him from getting into that lane. He then swerved back to the right and sought to stop in time to avoid the collision. His speed was too great for the short distance available and his car skidded into the rear of the bus.

█ Weaving from lane to lane in an effort to gain the highest speed is frequently condemned as a highly dangerous practice. This defendant knew he was behind a vehicle moving slower than other traffic, he knew there was other traffic on the Avenue, yet he strives to cut in ahead of the vehicle on his left, attaining high speed in the attempt, and finds he is unable to control his car properly at that speed. On this evidence, it cannot be held that the verdict against him is clearly contrary to the weight of the evidence. Hester v. Goldsbury, 64 Ill App2d 73, 212 NE2d 316; Podro v. Dynoski, 83 Ill App2d 79, 226 NE2d 377; Amenda v. Suits, 8 Ill2d 598, 134 NE2d 811.

█ Complaint is made as to certain rulings on instructions. The Court gave a definition of wilful and wanton as contained in IPI 14.01 without the bracketed material, and refused to give one containing the material. (In brackets is a reference to a showing of "actual and deliberate intention to harm.") There being no evidence of that intention, the court ruled correctly. We cannot accept the theory that a jury's comprehension of law would be improved by stating some principle not applicable to the facts shown in the evidence.

215

■ Objection was also made to the refusal of an instruction as to a statute prohibiting stopping a vehicle on the paved or main traveled part of the highway. This law is aimed at rural localities where there is normally a shoulder available for parking if a vehicle is to be stopped. It does not apply in a city where, to stop a vehicle off the pavement, would often require going over the curb. The statute is expressly limited to a highway "outside a business or residential district" and the evidence did not indicate such a locality.

We are of the opinion that the jury was adequately instructed, and the judgment on the verdict against the defendant Fisher is affirmed.

■■ As to the defendant, Peoria City Lines, Inc., there is a complete lack of any evidence tending to show that it was operating illegally, improperly or negligently. It was performing its proper function in a reasonable manner. A city bus, like any other vehicle, must be operated with due care, but it must perform its duty as a public utility and furnish reasonable transportation for those who desire it.

■ There is nothing to indicate that the bus made an unusual stop. A city bus is expected to stop for passengers at a convenient place. Sometimes this is at the intersection of a street and sometimes on the farther side, depending on the volume of traffic and needs of the public. It is contended by the plaintiffs that it should have proceeded across Crestwood where there is another lane. Of course, one who collides with a bus can always argue it should have stopped somewhere else, since the collision would not have occurred if it had not stopped at that particular place. But the bus was stopped in its usual location which is not prohibited by any law or regulation.

It is argued that the stoplights on the rear of the bus were of low candlepower. But this collision did not occur at night, it was broad daylight. All the occupants of the

216

Fisher car saw the bus and Fisher observed it was moving slowly enough so that he was gaining on it. That is the reason he decided to go around it. Brighter lights would not move it faster nor lessen the desire of an impatient driver to get around it. Nor would brighter lights have made it possible for Fisher's brakes to achieve a stop in a shorter distance. We conclude the evidence does not justify this verdict of the jury. Kerby v. Chicago Motor Coach Co., 28 Ill App2d 259, 171 NE2d 412. Accordingly, the judgment against the Peoria City Lines, Inc. is reversed.

Affirmed in part and reversed in part.

STOUDER and ALLOY, JJ., concur.