THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAY A. ADKINS, Defendant-Appellee.

(No. 74-154; ▉▉▉▉▉▉▉▉▉▉

Fifth District—May 5, 1975.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an appeal by the State of Illinois from an order of the trial court of St. Clair County allowing defendant's motion to suppress certain evidence found during a search of defendant's car.

Defendant testified that he had been to a homecoming at Millstadt, Illinois, with a person by the name of John Kirby. He had been eating and drinking at the homecoming and when they left there Kirby was driving defendant's car. The next thing he remembered after leaving the homecoming was two police officers pulling him out of the car. He had been lying on the front seat. They demanded his keys to the glove com-

partment and he gave the keys to them over his protest. After they searched the car he was taken to jail.

Curt Agne testified that he had been a deputy sheriff of St. Clair County for 3½ years. On September 3, 1973, he and another deputy by the name of Jeremias were in the vicinity of the "Cat and The Fiddle" parking lot near Route 13 and Eiler Road. They saw a car sitting on the parking lot with someone hammering on the left front fender. He stated that this seemed suspicious to them so when they went over to find out what was going on, Jeremias started talking to Kirby, glanced inside the car, and saw Adkins lying on the front seat. At the same time he glanced over and saw two marijuana cigarettes in the center ashtray of the car. He knew they were marijuana because "it was twisted at both ends. I smelled them and it smelled to be marijuana." Adkins appeared to be passed out and when they awakened him he was very incoherent.

Jeremias asked him to get out of the car and when he did, Jeremias searched him for weapons. They reached into the car and checked under the seats. When Jeremias started to check the glove box, Adkins said, "Wait a minute." He then got in the car, opened the glove box and handed Jeremias a bag of marijuana and a bag containing three yellow pills. At this time Agne was standing on the right front side of the car keeping Kirby under observation. He said he then checked the driver's side and Jeremias checked the passenger side.

On cross-examination Agne said he did not see anything illegal about the way the car was parked and when Kirby was asked what he was doing, he said he had an accident and he was trying to straighten out the fender. He said that the door to the defendant's car was open and the light was on.

At the end of the hearing the trial court allowed the motion to suppress, saying that "a search made incident to an arrest is reasonable only where probable cause exists for the arrest. An arrest cannot be justified by what is found during the search."

The fourth amendment to the Constitution of the United States provides:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

A warrantless search of private property is per se unreasonable under the fourth amendment unless within one of the few specifically established and well-defined exceptions. *Almeida-Sanchez v. United States,*

413 U.S. 266, 37 L.Ed.2d 596, 93 S.Ct. 2535; *Katz v. United States,* 389 U.S. 347, 357, 19 L.Ed.2d 576, 88 S.Ct. 507.

One of the exceptions to the warrant requirement is the seizure of evidence within "plain view." If there were two marijuana cigarettes in the ash tray of the car and if they were in plain view and if Officer Agne was able to recognize them as marijuana cigarettes from where he was standing, then it would appear that the officer would have probable cause to place the defendant under arrest and search the car.

However, it is apparent that the trial court did not believe that Officer Agne saw two marijuana cigarettes in the ash tray of the car. The cigarettes, if they were there, were never introduced into evidence, as were the items found in the glove compartment of defendant's car. The trial court apparently believed that either the two marijuana cigarettes were not in the ash tray as Agne testified, or that if they were there, Agne was not in a position to see and recognize them as marijuana cigarettes from the position he was standing in.

The evidence in this case was in conflict. A question of credibility arose which was for the trial court's resolution. The trial judge's conclusion based on this evidence was not clearly unreasonable and its finding should therefore be sustained. *People v. Peterson,* 17 Ill.2d 513; *People v. Haskell,* 41 Ill.2d 25.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.