THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD McCoy, Defendant-Appellant.

Fifth District No. 73-289

Opinion filed January 26, 1976.

James R. Streicker and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Harold McCoy, from a judgment of conviction entered by the circuit court of Madison County on a jury verdict of guilty to the charge of armed robbery and the sentence of four to five years entered thereunder.

Sometime after midnight on September 18, 1972, Dennis Allen McCoskey picked up a hitchhiker while driving home from work. En route the hitchhiker said he was sick and asked McCoskey to pull over. McCoskey honored the request. Whereupon the hitchhiker pulled out a gun and told McCoskey to give him his money and get out of the car. McCoskey complied with these demands. The hitchhiker drove away in McCoskey's bright orange M.G. roadster. Within 15 minutes McCoskey had reported the theft to the police.

Five minutes after reporting the theft a Madison County deputy sheriff arrived. McCoskey gave the deputy a description of the assailant: 5'9" or 10" tall, 150 or 160 pounds, wearing a dark shirt and a pair of light gray pants.

A Collinsville police officer heard the radio broadcast of the theft between 12:30 and 1 A.M. on the day in question. About the same time the officer spotted the suspect car. A second Collinsville police officer, in a separate vehicle, spotted the suspect car at approximately 12:45 A.M. The second officer stopped the suspect car and placed the driver under arrest. The driver was identified as the defendant. After searching the area in the immediate vicinity of the suspect car the police recovered a loaded .38 Colt Cobra revolver.

The victim was conveyed to the scene of the arrest by the deputy sheriff of Madison County. It is unclear to what extent the victim observed the events surrounding the defendant's arrest.

The defendant was advised of his rights and was taken to the Collinsville Police Station. The defendant was later moved to the Madison County Sheriff's Office. During the course of interrogation the defendant was repeatedly advised of his rights. Nevertheless, the defendant made several admissions and eventually signed a confession.

In a pretrial motion the defendant requested that his counsel, the public defender office, "be dismissed" for failure to provide him with "adequate representation." In this *pro se* motion the defendant prayed for appointment of "other, adequatte [*sic*] representation." After the trial court apparently granted the defendant's request, the defendant continued to be represented by the office of the public defender.

The public defender filed a motion to suppress the in-court and out-of-court identification of the defendant and a motion to suppress all statements and confessions. After a hearing the trial court denied these motions. The trial court made the following findings: (1) "that the identification was not unnecessarily suggested [*sic*] and that it was proper identification"; (2) "that the statements and confessions in question were obtained from the defendant only after he had been repeatedly, fully advised of his rights"; (3) "that the defendant understood the nature of the advice and understood his rights"; (4) "[t]hat he knowingly waived those rights and there was no coercion used in obtaining the statement"; (5) "that there was no demand or request to make a telephone call or to talk to counsel before making the statement"; and (6) "that in all respects the statements and confessions were freely and voluntarily given."

After the jury was selected, the defendant renewed his motion for appointment of counsel other than the public defender. The defendant felt he had not been afforded "adequate representation" by the public defender. The trial court, after commending the manner in which the public defender had selected the jury, stated that the public defender was "licensed" and "competent". Nevertheless, the defendant continued his request to dismiss the public defender. The trial court denied that motion "because you have to have some counsel and I am not going to let you sit through this trial without any counsel." The defendant proceeded to trial and was convicted of armed robbery and was sentenced to four to five years' imprisonment. This appeal followed.

The defendant raised the following contentions on appeal: (1) "the trial court erred in denying defendant's motion to suppress identification";

(2) "error occurred in the admission of alleged statements or confessions of the defendant at trial"; (3) "the trial court erred in misinforming the defendant that he could not represent himself at trial"; (4) the "defendant was further prejudiced by the prosecutor's closing argument". It is noteworthy that the defendant does not contend on appeal either that he was not proven guilty beyond a reasonable doubt or that his trial counsel was incompetent.

■■ We find the defendant's first contention without merit. The evidence in this case was in conflict. A question of credibility arose which was for the trial court's resolution. The trial judge's conclusions based on this evidence were not clearly unreasonable and its findings should therefore be sustained. *People v. Haskell*, 41 Ill.2d 25, 241 N.E.2d 430; *People v. Peterson*, 17 Ill.2d 513, 162 N.E.2d 380; *People v. Adkins*, 28 Ill.App.3d 342, 328 N.E.2d 633.

■■ The second contention raised by the defendant on appeal has been waived. The defendant premises this contention on the State's failure to produce all of the material witnesses to one of the defendant's statements at the hearing on the motion to suppress. Yet, as we observed in *People v. West*, 25 Ill.App.3d 827, 830-31, 322 N.E.2d 587, 589-90:

> "Defendant cannot, however, object on appeal that the State did not produce all material witnesses at a hearing on the motion to suppress an alleged confession as involuntary where he failed to object in the trial court. (Ill. Rev. Stat. 1971, ch. 38, par. 114—11(d); *People v. White*, 22 Ill.App.3d 180, 317 N.E.2d 323.)"

The third contention that the defendant raises on appeal is that the "trial court erred in misinforming the defendant that he could not represent himself at trial." The primary thrust of this contention is unchallenged by the State. What the State does argue, however, is that the defendant waived this issue by his failure to raise such in his post-trial motion. The State further argues that the absence of any indication that the defendant desired to proceed *pro se* removes this contention from the perimeter of the "plain error" doctrine (Supreme Court Rule 615(a), Ill. Rev. Stat. 1971, ch. 110A, par. 615(a)), an exception to the general rule that the failure to include this point in his written motion for a new trial waives such issue. We agree.

■■ While the recent decision of the Supreme Court in *Faretta v. California*, 422 U.S. 806, 45 L.Ed.2d 562, 95 S.Ct. 2525, clearly and emphatically states the right of a criminal defendant to proceed *pro se*, since the defendant never claimed either at the trial level or on appeal that he desired to represent himself, we are not inclined to invoke the "plain error" doctrine. We take particular cognizance of the fact that the de-

fendant failed to claim any desire to proceed *pro se* in his reply brief, even after the State had emphasized this aspect in answer to defendant's main brief. In addition, as noted earlier, the defendant does not here contend that his trial counsel was incompetent. Equally noteworthy is the absence of any contention on appeal that the trial court erred in failing to appoint counsel other than the public defender.

■■ The defendant's final contention is that the prosecutor's closing argument was improper and prejudicial. The defendant cites five instances of the prosecutor's allegedly improper comments. Only one of these comments was objected to by counsel for the defendant. Thus, even if the remaining arguments were improper, the objection to them was waived by the failure to make a timely objection. (*People v. Skorusa,* 55 Ill.2d 577, 304 N.E.2d 630; *People v. Dailey,* 51 Ill.2d 239, 282 N.E.2d 129.) By failing to make a proper assignment of error in his post-trial motion to *any* of these remarks the defendant waived objection to the one comment to which he did object. (*People v. Pickett,* 54 Ill.2d 280, 296 N.E.2d 856; *People v. Nelson,* 41 Ill.2d 364, 243 N.E.2d 225.) In any event, the evidence against the defendant was so overwhelming that the comments of the prosecutor were not a material factor influencing defendant's conviction and, although not to be condoned, were harmless error. *People v. Skorusa,* 55 Ill.2d 577, 304 N.E.2d 630; *People v. Clark,* 52 Ill.2d 374, 288 N.E.2d 363; *People v. Nicholls,* 42 Ill.2d 91, 245 N.E.2d 771.

For the above reasons the judgment of conviction entered against the defendant by the circuit court of Madison County is affirmed.

Affirmed.

KARNS, P. J., and JONES, J., concur.