THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
THOMAS G. LICHTENHELD, Defendant-Appellee.

Second District (1st Division)    No. 75-270

Opinion filed December 23, 1976.

John Maville, State's Attorney, of Belvidere (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Jerrold R. Beger, of Schirmer, Schirger, Graff & Beger, of Rockford, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The State appeals from a judgment which suppressed evidence and dismissed the case after a preliminary hearing. It contends that the officer

had probable cause to search and seize 1.99 grams of a substance containing cannabis which formed the basis of the charge against the defendant.

The judge ruled after hearing evidence from the police officer who was the State's sole witness and without hearing testimony proferred by the defendant. James Gearing, a State patrolman, testified that he was southbound on Route 76 in Boone County at 5:20 a.m. on March 8, 1975, when he observed a Volkswagen in the northbound lane of the highway with one headlight out. He turned around and stopped the car. Defendant, driver, stepped out of the car. The officer asked to see defendant's driver's license and vehicle registration card. The defendant immediately produced his driver's license but reentered his automobile to obtain the registration card from the glove compartment. The defendant leaned over the passenger side and reached up to open his glove compartment. The officer testified that fearing for his own safety he opened the door and leaned into the car, leaving one foot on the ground, and beamed his flashlight towards the glove compartment. While defendant was opening the glove compartment the officer stated that he smelled marijuana. He said he had made some 40 prior arrests for possession of marijuana, after traffic stops, almost all of which were based upon his sense of smell. After detecting the odor here he observed a red tobacco can in the glove compartment. On request defendant handed him the can. There was no material in it but a strong odor of marijuana emanated from it. He stated that he now believes that the source was a saturating smell which was evidently in the seats and upholstery of the vehicle. He then asked defendant to step out of the car. The officer walked around to the passenger side and opened that door, looked into the glove compartment and observed a pipe. He smelled it and detected a strong odor of marijuana and observed a sticky residue. The officer stated that he then observed a 35 millimeter film container in the glove compartment which he opened. He found this to be half filled with a green plant which on subsequent analysis was determined to be the marijuana. The witness further testified that he searched defendant's person but found no contraband.

■■■ The officer, having observed that defendant was driving a car with a defective headlight, a traffic law violation (Ill. Rev. Stat. 1973, ch. 95½, par. 12—201(a)), of course had probable cause to stop the defendant and to investigate his conduct within permissible limits. (See *People v. Lee*, 41 Ill. App. 3d 502, 504 (1976).) And if the circumstances reasonably indicated that the officer was dealing with a criminal rather than an ordinary traffic offender a search would be justified in order to insure the officer's safety or to prevent the escape of the offender. (See *People v. Palmer* 62 Ill. 2d 261, 264 (1976).) It has been held that no unreasonable

search occurs when an officer after having stopped a car for a traffic violation (one headlight) and having noticed that the license plates have been wired on, opens the car door to examine the vehicle identification number. (*People v. Wolf*, 60 Ill. 2d 230, 232-34 (1975).) This court has also held that an officer, after having made a stop of the motorist for a traffic violation, may enter the vehicle in search of evidence if he smells marijuana while outside the vehicle. *People v. Erb*, 128 Ill. App. 2d 126, 132 (1970).

However, in this case, the officer smelled marijuana while actually inside the defendant's automobile. Prior to that time no articulable facts existed which would have led the officer to believe that the defendant was armed, that he had or was about to commit a criminal offense, or that he was, in fact, anything more than an ordinary traffic violator. Compare *Adams v. Williams*, 407 U.S. 143, 32 L. Ed. 2d 612, 92 S. Ct. 1921 (1972).

Traffic violations, particularly of the kind here involved which can be inadvertent and with no indication of an attempt to avoid identification, do not in themselves suggest criminal activity. (Compare *People v. Palmer*, 62 Ill. 2d 261. See *People v. Jordan*, 11 Ill. App. 3d 482, 486 (1973).) While there is no absolute bar to an officer's entry into an automobile for permissible objectives, it is evident that more stringent rules apply upon such intrusion. See *People v. Ingle*, 36 N.Y.2d 413, 420-21, 330 N.E.2d 39, 44, 369 N.Y.S.2d 67, 74-75 (1975).

Under the particular circumstances in this record, the trial judge was not required to conclude that the search made inside the vehicle was a reasonable one. See *People v. Adkins*, 28 Ill. App. 3d 342, 344 (1975); *People v. James*, 44 Ill. App. 3d 300 (2d Dist. 1976).

■■ The defendant reentered his vehicle at the direction of the police officer to obtain his registration. There was no necessity shown for the officer to lean into the car to protect himself. It appears rather that the officer speculated that there might be illegal substances in the car based upon his many past drug arrests involving drivers of motor vehicles stopped for traffic violations but not based upon any articulable facts known to him prior to the entry into the vehicle. To permit the officer's legitimate demand for evidence of vehicle registration to become a subterfuge to obtain other evidence based on suspicion would impermissibly expand the concept of reasonable search as incident to traffic stops in our view.

We therefore affirm the judgment of the trial court.

Affirmed.

GUILD, P. J., and RECHENMACHER, J., concur.