PER CURIAM.
Theft of a television set and $400 occurred in a hotel under circumstances such as to cause the police to regard the appellant as a suspect. He was apprehended by police officers, and prior to being charged with an offense the appellant voluntarily signed a written consent for the police to search the room he occupied in another hotel, for the alleged stolen property. In making the search the officers discovered and seized a quantity of marijuana seeds, constituting contraband items. That evidence was used in the prosecution of the appellant when subsequently charged with unlawful possession of marijuana. He was convicted and adjudged guilty of that offense in a non-jury trial. On this appeal by him therefrom it is contended the evidence was insufficient to sustain the conviction and that the court erred in denying the defendant’s motion to suppress the evidence above referred to.
An argument advanced on behalf of the appellant was that inasmuch as the consent he granted was to search his hotel room for the stolen property and money, the trial court should have suppressed the *38 evidence consisting of marijuana found in his room as being beyond the scope of the authorized search and the fruit of an unlawful search and seizure. The argument lacks merit. Inasmuch as the officers were conducting an authorized search of the premises for the alleged stolen property they were entitled to seize the.contraband items found therein. See Joyner v. City of Lakeland, Fla. 1956, 90 So.2d 118, 122; 29 Fla.Jur., Search and Seizure, §§ 41, 45; 79 C.J.S. Searches and Seizures § 83.
We also have considered the appellant’s contention that the evidence was insufficient to sustain the conviction; and we hold the contention is without merit. The contraband was found in the appellant’s jewelry box, reposing on the desk in his hotel room. The possibility that the contraband could have belonged to another person and been placed therein by one in the employ of the hotel, asserted and relied on by appellant was properly considered by the trial court to be inadequate to refute or offset the evidentiary effect of the discovery-of marijuana in his hotel room.
No reversible error having been made to appear the judgment appealed from is affirmed.
Affirmed.