## 29347. FERGUSON v. CALDWELL.

INGRAM,. Justice.

This is a habeas corpus appeal from Tattnall Superior Court presenting two major issues for decision: (1) whether certain evidence used in appellant's 1962 trial and conviction for murder in Douglas Superior Court was obtained as the result of an unlawful search and seizure; and (2), whether appellant was indicted by a grand jury and convicted by a petit jury from which blacks had been systematically excluded. The trial court decided adversely to appellant on both issues and we affirm its judgment.

This case has proceeded through a long journey of trials and appeals. The trial court's order traces the history of those various proceedings and we incorporate this part of it for background reference to the present appeal.

"Petitioner was tried for first degree murder by the Superior Court of Douglas County, Georgia on September

23-24, 1958, which resulted in a verdict of guilty without a recommendation of mercy. The judgment was affirmed by the Georgia Supreme Court in *Ferguson v. State,* 215 Ga. 117 (109 SE2d 44) (1959). The United States Supreme Court reversed in Ferguson v. Georgia, 365 U. S. 570 (1961), on the ground that the trial court committed error in prohibiting Ferguson's counsel from questioning him in order to elicit his unsworn statement.

"Petitioner was tried again in the Superior Court of Douglas County on September 2-4, 1961. He was again convicted without recommendation of mercy and, on appeal, the Supreme Court of Georgia reversed for reasons unrelated to present petition. *Ferguson v. State,* 218 Ga. 173 (126 SE2d 798) (1962).

"Petitioner was again tried on September 24-26, 1962, for first degree murder on original indictment and was found guilty without a recommendation of mercy, and petitioner was sentenced to death by electrocution. This conviction was affirmed on appeal by the Supreme Court of Georgia, *Ferguson v. State,* 219 Ga. 33 (131 SE2d 538) (1963), and certiorari was denied by the United States Supreme Court. Ferguson v. Georgia, 375 U. S. 913 (1963).

"On April 1, 1964, petitioner filed an extraordinary motion for new trial in the Superior Court of Douglas County on the ground that counsel had discovered new evidence material to the case. The Superior Court, after hearing, denied the motion on April 17, 1964. On appeal, the denial was affirmed by the Supreme Court of Georgia. *Ferguson v. State,* 220 Ga. 364 (138 SE2d 881) (1964). The Supreme Court of the United States denied certiorari. Ferguson v. Georgia, 381 U. S. 905 (1965).

"On August 16, 1965, Ferguson filed a petition for habeas corpus in the City Court of Reidsville, Georgia, alleging several errors in the 1962 trial of his case. The respondent filed a return and answer denying all material allegations of the petition and interposed a plea of res judicata which was sustained by the City Court of Reidsville. On appeal, the Georgia Supreme Court affirmed. *Ferguson v. Balkcom,* 222 Ga. 676 (151 SE2d 707) (1966).

"Petitioner then brought a petition for habeas corpus

in the Federal Court under 28 U. S. C. § 2254. The original petition was filed March 3, 1967, in the United States District Court for the Southern District of Georgia, Savannah Division, Civil Action No. 2112. Subsequently, on motion, the case was transferred to the Northern District of Georgia, Atlanta Division, in accordance with 28 U. S. C. § 2241 (d).

"The Federal Habeas Corpus petition, as amended, alleged that petitioner's constitutional rights were violated because the pistol, billfold, and confession were admitted into evidence at his 1962 trial in violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Petitioner further alleged that he was convicted in violation of his rights under the Fourteenth Amendment to the United States Constitution because he was indicted by a grand jury and tried by a petit jury from which Negroes had been systematically excluded. The Federal District Court denied Ferguson's petition. The two important issues considered were: (1) whether an alleged consent given by Ferguson to a search of his room was effective to support not one but two searches of his room during the day even though the investigating officers did not inform Ferguson that they were going to make a second search and did not obtain a separate consent to that search, and (2) whether the constitutional rights of Ferguson, a white man, to due process of law and an impartial jury were violated by indictment and trial by juries which did not represent a fair cross section of the community because of the systematic exclusion of Negroes.

"Thereafter, petitioner appealed the judgment of the United States District Court for the Northern District of Georgia to the United States Court of Appeals for the Fifth Circuit. The Court of Appeals, in an opinion dated March 21, 1973, concluded that Ferguson had not first presented the question of systematic exclusion of Negroes to the State Courts and that the case should be remanded to the District Court in order to permit Ferguson to file a proceeding in the appropriate Georgia court raising such question. The Fifth Circuit made no ruling on Ferguson's contentions regarding the admissibility of the evidence

obtained as a result of the search. See Ferguson v. Dutton, 477 F2d 121 (5th Cir., 1973).

"Pursuant to this decision, the United States District Court for the Northern District of Georgia entered an order dated May 11, 1973, requiring Ferguson to file an application for writ of habeas corpus in the Georgia courts alleging that he had been deprived of his rights under the Fourteenth Amendment to the Constitution of the United States by reason of the systematic exclusion of Negroes from the grand jury which indicted him and the petit jury which convicted him.

"The present petition was filed pursuant to the District Court's order of May 11, 1973. In addition to raising the systematic exclusion question, the petition also presents the question of the validity of the second search of Ferguson's room at which the pistol and billfold were discovered and the discovery of which proximately resulted in his alleged confession. This issue is presented in view of the District Court's order of February 26, 1971, that Ferguson had not exhausted his state remedies with respect to such issue as required by 28 U. S. C. § 2254."

Appellant's brief recites that "in May, 1974, he was placed on parole by order of the State Board of Pardons and Paroles." This presents the threshold question of whether this appeal is moot. The habeas corpus complaint filed in the trial court alleges only an illegal detention and imprisonment, and appellant has now been freed from this physical restraint. Nevertheless, we take judicial notice that appellant is still subject to restrictions and limitations on his freedom as he is legally confined by the terms of his parole. A violation of the terms of the parole by appellant would result in the revocation of his parole with reconfinement ensuing therefrom. If the constitutional issues raised in this proceeding are determined favorably to appellant, he is entitled to have his conviction set aside. Consequently, his cause cannot be considered moot simply because he is now on parole. *Morgan v. Kiff,* 230 Ga. 277 (196 SE2d 445) (1973).

We move on to consider appellant's first enumerated error, that there was an illegal search and seizure which invalidates his 1962 conviction for murder.

The record of appellant's trial shows that the in-

vestigating officers made two warrantless searches of his rented room. The evidence also shows that after arrest and during interrogation, appellant gave his consent to a search of his residence to prove his innocence. This search apparently took place between 11:00 and 11:30 a.m. on the day of the arrest. There was no evidence presented at appellant's trial as a result of that search.

The transcript discloses that another search of appellant's residence took place later that same day between 3:00 and 3:30 p.m. In this second search, a billfold and pistol were discovered above the ceiling (through a trap door) of the closet in appellant's room. These were both later identified as belonging to the homicide victim, Luke Brown. This evidence was taken to the jail where appellant was being interrogated and, after being confronted with it, he made an oral confession which was later reduced to writing and signed by appellant. This evidence and the two confessions were admitted at trial and are the bases of this enumeration of error.

Appellant argues that the uncontroverted evidence clearly establishes that the investigating officers did not have his consent to make the second search, which yielded the incriminating evidence. Therefore, appellant urges, the admission of the pistol, billfold and oral and written confessions violated appellant's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

Cases relied on by appellant involve second searches made pursuant to a search warrant or an arrest. As pointed out by then District Judge Sidney O. Smith, in his opinion in appellant's federal habeas corpus case, "[a] search under a warrant is one undertaken without the consent and presumptively over the objections of the accused. It may occur with or without his knowledge. As such, it ought to be narrowly construed. On the other hand, a search with consent as here, is one undertaken with knowledge and without objection by the accused. Consent, once legally obtained, ought to continue until revoked or otherwise withdrawn." Ferguson v. Dutton, (Case No. 11339, decided Feb. 25, 1971). —— FSupp. —— (N. D. Ga.)

McNear v. Rhay, 398 P2d 732 (Wash. 1965), is cited

in support of appellant's position that repetitive searches pursuant to a single consent are illegal. In that case, defendant was arrested on shoplifting charges and consented to a search of his residence and automobile for the purpose of locating stolen property. During the search, one officer opened a box in defendant's night stand and discovered what appeared to be a marijuana cigarette. Whereupon the officer summoned the narcotics squad who arrived shortly thereafter and conducted a thorough search for narcotics. This produced a quantity of marijuana which in turn resulted in a confession from the defendant on new drug charges. The court stated that the second search followed the completion of the first search for stolen goods and was not within the *contemplation* of the consent. Id. p. 739. The present case is distinguishable from McNear. An investigation for evidence regarding the homicide was the sole and continuing purpose of the search here and was well within the contemplation of the consent by appellant when given. There is no reason to assume that this consent did not apply to the second search as it was conducted within a brief and reasonable time later for the same purpose, and there is no evidence that appellant ever withdrew or limited the original consent to search which he gave the officers. We find no illegal search and seizure took place under these circumstances.

Appellant's final argument centers around the selection of the grand and petit juries in Douglas County in 1962. Appellant is a white man who is urging that discrimination against blacks in the jury selection process resulted in the denial of his rights under the Fourteenth Amendment to be indicted and tried by juries selected fairly and impartially from a representative cross section of the community. Appellant cites Peters v. Kiff, 407 U. S. 493 (92 SC 2163, 33 LE2d 83) (1972)[1] in support of his argument.

---

[1]The Supreme Court there held that a white person indicted and convicted by juries from which black persons were systematically excluded is entitled to have the conviction set aside without a showing of actual bias.

All litigation must come to a conclusion at some reasonable point, even when constitutional issues are urged, and we believe appellant has waited far too long to make a justiciable complaint about the composition of the juries which indicted and tried him in 1962. Appellant chose not to object at his trial, nor on direct appeal from his conviction to this court (*Ferguson v. State,* 219 Ga. 33 (131 SE2d 538) (1963)), nor in his application for writ of certiorari to the U. S. Supreme Court. See Ferguson v. Georgia, 375 U. S. 913 (1963). Furthermore, appellant failed to raise this issue in his extraordinary motion for new trial, and in the appeal to this court from the denial of that motion. *Ferguson v. State,* 220 Ga. 364 (138 SE2d 881) (1964). Nor did appellant complain in his application for a writ of certiorari to the U. S. Supreme Court to review this court's decision. Finally, appellant, when seeking habeas corpus relief in August, 1965, made no claim that his constitutional rights were denied him by virtue of the composition of the grand and petit juries in Douglas County in 1962. *Ferguson v. Balkcom,* 222 Ga. 676 (151 SE2d 707) (1966).

Apparently, the jury composition issue was first raised by appellant in the petition for habeas corpus relief filed in the Federal District Court. We are aware that under our habeas corpus statute, Code Ann. § 50-127 (1), the matter of waiver is controlled by the following: "Rights conferred or secured by the Constitution of the United States shall not be deemed to have been waived unless it is shown that there was an intentional relinquishment or abandonment of a known right or privilege which relinquishment or abandonment was participated in by the party and was done voluntarily, knowingly and intelligently." Although there is no other specific standard in the statute which delineates at what point a defendant has waived a constitutional claim, it strains the mind to incredulity to think that after six appeals appellant has not waived the objection he now makes to the composition of the 1962 juries in Douglas County. See *Young v. State,* 232 Ga. 285, 286 (206 SE2d 439) (1974); *Hill v. Stynchcombe,* 225 Ga. 122, 127 (166 SE2d 729) (1969); and, *Williams v. State,* 210 Ga. 665, 667 (82 SE2d 217) (1954).

However, even if we assume that appellant has not made a voluntary, knowing and intelligent waiver of this objection, relief must still be denied, as we decline to apply Peters v. Kiff, supra, retrospectively. It will not serve the interest of justice to do so. Therefore, appellant's objection that, as a white man, he was denied due process by the systematic exclusion of blacks from the grand and petit juries which indicted and convicted him is without merit. See Watson v. United States, 484 F2d 34 (5th Cir. 1973) (cert. den. 416 U. S. 940).

The trial court's judgment denying habeas relief to appellant is correct and will be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED NOVEMBER 1, 1974 — DECIDED MARCH 4, 1975.

*Walter H. Wingfield,* for appellant.
*Arthur K. Bolton, Attorney General, David L. G. King, Jr., Assistant Attorney General,* for appellee.