THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
TIMOTHY J. SOMMER, Defendant-Appellee.
Fourth District   No. 13529

Opinion filed February 3, 1977.

C. David Vogel, State's Attorney, of Pontiac (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Timothy J. Sommer was charged in the Circuit Court of Livingston County with possession of 6 grams of cannabis. His motion to suppress evidence obtained in a police search of his automobile was granted, and the State appeals.

At the hearing on the motion to suppress, defendant and the arresting officer, Richard Davis of the Pontiac Police Department, both of whom were called by the defense, were the only witnesses to testify. Officer Davis testified that at about 10 p.m. on June 6, 1975, he was in a squad car traveling behind an automobile in which defendant and a companion were riding when defendant, who was driving, started to make an illegal right turn onto a one-way street. However, defendant corrected himself before completing the turn and drove on. The officer stated that he then stopped the vehicle because of the attempted turn and because the license plate was dirty although it could be read from about a car length away.

Officer Davis further testified that after he stopped the car he asked defendant for his operator's license, which was produced. Defendant said, "We didn't do anything wrong." Davis stated that he had become suspicious because while traveling behind defendant's car he had seen defendant's arm move toward the area between the two bucket seats. Davis did not see or smell anything unusual inside the car as he stood outside. However, because of his suspicion that defendant had tried to hide something, Davis asked him if he would mind if he searched the car. Defendant replied no. Davis stated that he did not advise defendant that he could refuse to allow the search. In the course of the search, Davis found a pipe bowl on the floor of the passenger side and a bag of marijuana in the console ashtray. Defendant and the boy who was a passenger in the car were then taken to the jail.

Defendant testified that he was a 17-year-old resident of Chenoa. When the police officer stopped him, the officer asked to see his operator's license. Defendant asked him what they had done wrong and the officer answered something like "You can't drive very well." Defendant stated that "then he asked to search the car and I thought I had no choice whether or not he can search it or not, so I went ahead and let him. I thought he could get in one way or another." Defendant also stated that the officer did not advise him that he did not have to allow the search.

After hearing the testimony of defendant and the police officer, the trial court found that defendant did not know he could refuse the search. Then, stating that it had considered that factor along with the surrounding circumstances, including defendant's age and the fact that the search took place at night, the court found defendant's consent to the search involuntary.

■■ The State concedes that, absent defendant's voluntary consent, the search in the instant case would have been illegal. The rule for determining the voluntariness of a consent to a search is set forth in *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 248-49, 36 L. Ed. 2d 854, 875, 93 S. Ct. 2041, 2059:

" * * * [W]hen the subject of a search is not in custody and the State attempts to justify a search on the basis of his consent, the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent."

The trial court's determination of the voluntariness of a consent is to be accepted on review unless its findings are clearly unreasonable. *People v. DeMorrow* (1974), 59 Ill. 2d 352, 358, 320 N.E.2d 1, 5.

■■■ The State contends that the trial court erred in the instant case because it treated knowledge of a right to refuse as a prerequisite to a voluntary consent, which is contrary to the ruling of *Schneckloth.* However, while the trial court indicated that it had considered defendant's lack of knowledge of a right to refuse, it stated that it had also taken into account the other circumstances surrounding the search, including such factors as defendant's age and the time of day of the search. *Schneckloth* clearly states that lack of knowledge of a right to refuse is a factor to be considered along with all of the other circumstances, and therefore the trial court's consideration of that factor here was proper. In light of the evidence in the record we also cannot say that the trial court's finding was clearly unreasonable.

Accordingly, the order of the circuit court granting defendant's motion to suppress is affirmed.

Affirmed.

TRAPP, P. J., and REARDON, J, concur.