THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIE R. COLE, Defendant-Appellant.

Third District   No. 76-423

Opinion filed October 24, 1977.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (Linda M. Vodar and James E. Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a bench trial defendant, Willie Cole, was found guilty of burglary and sentenced by the circuit court of Peoria County to a term of imprisonment of from two to 12 years. On this appeal the only error urged is that the trial court erred in denying the defendant's motion to suppress evidence seized at the time of arrest.

By agreement of the parties, the trial on the merits and the hearing on the defendant's suppression motion were heard concurrently. The People presented the testimony of several witnesses, including that of two police officers and that of the owner of the property stolen. After the People completed the presentation of its evidence, the defendant testified initially with respect to his suppression motion and when the motion was denied, he then testified in his own defense.

Since the only issue raised on this appeal concerns the suppression of evidence seized at the time of the arrest, it will be necessary only to

consider the testimony of the arresting officer and the defendant's account of what transpired at that time.

Officer Orr stated that at approximately 1 o'clock in the morning on December 23, 1974, he stopped a car on a well-traveled Peoria street because the car had no muffler. Upon approaching the car, he noticed some articles in the back seat, specifically, a television set, a stereo, some record albums, and some walkie talkies. Orr asked the driver of the car for his license which he promptly produced. The driver of the car was Dennis Cole. Orr then asked Cole about the items in the back seat and the defendant, the passenger, said the articles belonged to his brother who had just brought them with him from Ohio. Orr asked defendant to take the articles out of the car to see if he could find any serial numbers on them and the defendant complied. After the television was out of the car, Orr noticed a repair tag on the back of the set bearing the name of Courtland Brower and a Peoria address. When asked about the tag, the defendant explained that Brower was a former girlfriend who had had the T.V. and had previously returned it to him. Noting that the date on the repair tag did not coincide with the defendant's explanation, Orr dispatched another police car to the address on the tag. Upon receiving a communication from the dispatched car, Orr placed Dennis Cole and the defendant under arrest for burglary.

On cross-examination, Officer Orr stated that the Cole car had made no attempt to evade him prior to the stop, that Dennis Cole's driver's license was in order, and that he did not check the vehicle registration card.

Officer David Millard of the Peoria Police Department responded to Officer Orr's call and investigated the address listed on the T.V. repair tag. The apartment door appeared to have been kicked in and the door lock was broken. An empty television carton was in the middle of the floor. Millard left a note for the occupant of the apartment to contact the police and relayed what he had discovered to Officer Orr.

On the motion to suppress, defendant testified that Orr did not ask but ordered defendant to take the television out of the car.

Although not material to the issue raised on this appeal, evidence was presented of a burglary of Brower's apartment and the theft from the apartment of property belonging to Brower discovered and seized in the motor vehicle in which the defendant was a passenger. At the trial defendant claimed he knew nothing of the stolen property, but there was other evidence to the contrary.

It was the theory of the defendant in his suppression motion and again renewed on this appeal that even though the stop of the motor vehicle because of its lack of a muffler was proper, there was not probable cause for the ensuing search. More particularly, it is the defendant's claim that while Officer Orr made a proper traffic stop, this fact is insufficient to

justify a search of the vehicle and there were no other circumstances supporting the conclusion that probable cause existed for a search of the vehicle.

In support of the trial court's action the People argue, first, the defendant consented to the search and, second, probable cause existed for making the search.

■■ ■ Consent is a waiver of the constitutional privilege against unreasonable searches. (*People v. Harris*, 34 Ill. 2d 282, 215 N.E.2d 214.) Before consent can act as a waiver, it must be shown that the consent was voluntary and the voluntariness is to be determined from the totality of the circumstances surrounding the giving of the consent. (*Schneckloth v. Bustamonte*, 412 U.S. 218, 36 L. Ed. 2d 854, 93 S. Ct. 2041.) The issue of whether a valid consent has been given is a factual matter to be determined in the first instance by the trial court. (*People v. Peterson*, 17 Ill. 2d 513, 162 N.E.2d 380.) In its written order, the trial court found that the police officer requested the defendant to remove the television from the car, contrary to what defendant had testified to. During arguments on the motion to suppress, the trial judge stated that the officer had requested, not ordered, that the television be removed and that the request was made in the least threatening fashion possible under the circumstances. While the defendant had testified on the motion to suppress that the officer had ordered him to remove the television set from the car, it is clear from the record that the trial court rejected this position. Furthermore, in the process of the search the defendant assisted the officer in looking for the serial number. Such conduct demonstrating a willingness to aid an officer in the search is not compatible with the position that the search was conducted without a voluntary consent. The totality of the circumstances, as evidenced by the record, supports a determination that the defendant voluntarily consented to the search of the automobile. The trial court was correct in overruling defendant's motion to suppress.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STENGEL, P. J., and BARRY, J., concur.