THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JOHN P. KELK, Defendant-Appellee.

Fourth District   No. 4—90—0383

Opinion filed January 29, 1991.

John Turner, State's Attorney, of Lincoln (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Adam N. Stillo, Jr., of Stillo & Pechter, Ltd., of Oak Lawn, and Thomas J. Skryd & Associates, of Cicero, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

On December 28, 1989, the defendant, John P. Kelk, was charged with possession of between 30 and 500 grams of cannabis in violation of section 4(d) of the Cannabis Control Act (Act) (Ill. Rev. Stat. 1989, ch. 56½, par. 704(d)) and possession with the intent to deliver between 30 and 500 grams of cannabis in violation of section 5(d) of the Act (Ill. Rev. Stat. 1989, ch. 56½, par. 705(d)). Defendant filed a motion to quash the arrest and suppress evidence, and a hearing on the motion to suppress was held March 22, 1990. On March 23, 1990, the trial court allowed the defendant's motion to suppress, and the prosecutor's motion to reconsider was denied on May 16, 1990. The issue on appeal is whether the defendant's consent to look in the car extended to a search of a duffel bag in the passenger compartment. We affirm.

The trial court in its March 23, 1990, ruling stated in part:

"Based on the totality of the circumstances presented here, the Court cannot conclude that a reasonable person would believe contraband was present. Also, the search clearly appeared to have gone beyond the consent to look in the car."

At the hearing on the motion to reconsider, the trial court stated:

"[T]he specific language used, *i.e.* 'look in the car,' is subject to interpretation and bears on the issue of voluntariness of consent and, especially, the scope of that consent. Once again, from its review of the totality of the circumstances and facts raised in this case, the Court concludes that the search here went beyond the consent given 'to look in the car.' "

Two witnesses were presented by the defendant at the motion to suppress, the defendant and the arresting officer. The actions taken by the officer which are subject of the motion are that he opened the passenger side of the vehicle and began to look in the defendant's duffel bag, finding cannabis.

Asked whether any tickets were issued after he was stopped by

Officer Becker, defendant stated: "He issued me a warning for the loud muffler and improper lane usage." Defendant was then asked, "[did] you have a conversation with him?" The defendant responded, "He asked if he could—would—if I would—if I cared if he looked at my car." The defendant responded, "I told him no." The defendant was then asked whether the officer asked permission to search the duffel bag or the defendant's personal belongings and the defendant responded, "No." On further response to the question, "Did you give him permission to search your duffle bag or your suitcase?" the defendant answered, "No." The defendant was allowed to answer why the defendant told the officer he could look in the vehicle, the defendant's response being, "I didn't realize that he was going to search my suitcase." On cross-examination, the defendant once again admitted that he gave the officer permission to "look in the vehicle."

State Trooper Becker was then called as a witness, and he was asked the question, "Did you have any reason to believe that the car was used in the commission of a crime?" to which the officer responded, "No, I did not." He was then asked, "Did you have any reason to believe that the car contained any evidence of a crime?" and the officer answered, "No, I did not." He was asked, "Now, when you asked him to look into the car, you never used the word search. Is that right?" to which the officer answered, "No, I didn't." Further question, "You just asked him if he cared if you looked in the car." Answer, "Correct." The officer was then asked, "Did you ever ask him permission to search any of his personal belongings in the car?" and the officer answered, "No, I didn't." He was then asked, "Did you ever ask him if you could search the duffle bag or the suitcase that he had in his car?" and the officer answered, "No, I didn't."

Both the defendant and the arresting officer testified that the officer did ask the defendant "if there were any drugs or weapons on the vehicle." The defendant responded, "No." The officer testified that he did not believe that he patted the defendant down before he looked into the car.

■■ *People v. Corral* (1986), 147 Ill. App. 3d 668, 498 N.E.2d 287, and *People v. Woolery* (1990), 193 Ill. App. 3d 892, 550 N.E.2d 616, are argued by the parties in support of their positions on appeal and were the cases used by the trial court in making its ruling to grant the motion to suppress. In *Corral,* as here, the trial court granted the defendant's motion to suppress. We stated, "Consent to a search must be voluntary, and the State has the burden of establishing voluntariness. [Citation.] Moreover, consent to a search 'waives the warrant requirement only to the extent granted by defendant in

his consent.' [Citation.]" (*Corral*, 147 Ill. App. 3d at 674, 498 N.E.2d at 291.) In *Corral*, the trial court concluded that the defendant "consented only to an inspection of the truck's agricultural cargo." *Corral*, 147 Ill. App. 3d at 671, 498 N.E.2d at 290.

■ Also in *Corral*:

"Police must obtain a search warrant prior to searching a motor vehicle, unless the circumstances fall within an exception to the warrant requirement. A search warrant need not be obtained if: (1) police have probable cause to believe that the vehicle was used in or contains evidence of a crime; (2) police obtain valid consent to the search; (3) police search the vehicle incident to a lawful arrest; or (4) the vehicle is lawfully impounded and an inventory search results." (*Corral*, 147 Ill. App. 3d at 672, 498 N.E.2d at 290.)

In *Woolery*, the defendant as in this case was asked if there was any alcohol or drugs in the auto and, after he replied no, the officer asked if he could search the vehicle. The defendant allegedly said, "Yeah, go ahead." (*Woolery*, 193 Ill. App. 3d at 893, 550 N.E.2d at 617.) The officer searched the passenger compartment of the automobile and found no alcohol or drugs but did find some plastic baggies in a shaving kit. The officer then took the keys from the ignition, searched the trunk of the auto, and picked up a jacket from the trunk. At this time, the defendant exited the squad car and told the officer that he had given consent to search inside the vehicle and not the trunk. In *Woolery*, the trial court denied the motion to suppress. We found that the trial court could conclude "the initial consent could properly be interpreted by the officer as a consent to search the entire vehicle." *Woolery*, 193 Ill. App. 3d at 895, 550 N.E.2d at 618.

■■ ■ In *Woolery*, there was a conflict in the testimony and the trial court questioned the defendant's credibility and believed the officer's testimony. As we stated in *Woolery*:

" 'The rule for determining the voluntariness of a consent to a search is set forth in *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 248-49, 36 L. Ed. 2d 854, 875, 93 S. Ct. 2041, 2059:

"*** [W]hen the subject of a search is not in custody and the State attempts to justify a search on the basis of his consent, the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the pros-

ecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent."
The trial court's determination of the voluntariness of a consent is to be accepted on review unless its findings are clearly unreasonable. *People v. DeMorrow* (1974), 59 Ill. 2d 352, 358, 320 N.E.2d 1, 5.' *People v. Sommer* (1977), 45 Ill. App. 3d 459, 460-61, 359 N.E.2d 1190, 1191." *Woolery*, 193 Ill. App. 3d at 895, 550 N.E.2d at 617-18.

In the case before us, both the defendant and the officer testified that the question asked the defendant was whether the officer could "look into the vehicle." The prosecutor argues the officer's two questions provided the scope of the consent to search: (1) are there any drugs or weapons in the car? and (2) do you care if I look inside the car? The trial court found that the defendant's consent to look into the vehicle did not include an authorization to the officer to inspect and open the duffel bag.

■ The words "look into" and "search" do not necessarily set the same parameters of a consent. In *People v. Shelton* (1982), 110 Ill. App. 3d 625, 628, 442 N.E.2d 928, 931, this court stated, "The question of the subject matter of the consent itself is a factual one (*People v. Cole* (1977), 53 Ill. App. 3d 711, 368 N.E.2d 1308) and will not be disturbed unless the conclusion below is against the manifest weight of the evidence." Here, it was a trial court call and the evidence presented does not require reversal.

■ Giving the required deference to the trial court's determination, we point out that in *Corral*, this court affirmed the trial court's determination to grant the motion to suppress; and in *Woolery*, this court affirmed the trial court's determination that the motion to suppress should be denied. Here, the trial court determined that the search exceeded the consent granted by the defendant. Upon review of the record, the determination of the trial court was not against the manifest weight of the evidence.

The circuit court of Logan County is affirmed.

Affirmed.

LUND, P.J., and STEIGMANN, J., concur.