THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN P. KELK, Defendant-Appellee.

Fourth District    No. 4—90—0383

Opinion filed July 9, 1992.

John Turner, State's Attorney, of Lincoln (Norbert J. Goetten, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Adam N. Stillo, Jr., of Stillo & Pechter, Ltd., of Oak Lawn, and Thomas J. Skryd & Associates, of Cicero, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

On December 28, 1989, the defendant, John P. Kelk, was charged with possession of between 30 and 500 grams of cannabis in violation of section 4(d) of the Cannabis Control Act (Act) (Ill. Rev. Stat. 1989, ch. 56½, par. 704(d)) and possession with the intent to deliver between 30 and 500 grams of cannabis in violation of section 5(d) of the Act (Ill. Rev. Stat. 1989, ch. 56½, par. 705(d)). Defendant filed a motion to quash the arrest and suppress evidence, and a hearing on the motion to suppress was held March 22, 1990. On March 23, 1990, the trial court allowed the defendant's motion to suppress, and the prosecutor's motion to reconsider was denied on May 16, 1990. The issue on appeal was whether the defendant's consent to look in the car extended to a search of a duffel bag in the passenger compartment.

On January 29, 1991, an opinion was filed by this court affirming the trial court's order which granted defendant's motion to suppress evidence. (*People v. Kelk* (1991), 208 Ill. App. 3d 313, 566 N.E.2d 835.) We found the trial court's determination that the search of defendant's duffel bag located in the passenger side of his car exceeded the defendant's consent to "look in the car" was not against the manifest weight of the evidence.

This cause was appealed to the United States Supreme Court and the United States Supreme Court, referring only to its decision in *Florida v. Jimeno* (1991), 500 U.S. 248, 114 L. Ed. 2d 297, 111 S. Ct. 1801, remanded this cause for further consideration.

The defendant was stopped by State Police Officer Tim Becker for loud muffler and wrong lane usage. Two witnesses were presented by the defendant at the motion to suppress, the defendant and the arresting officer. The actions taken by the officer which are the subject

of the motion are that he opened the passenger side of the vehicle and began to look in the defendant's duffel bag, finding cannabis.

Both the officer and defendant testified that the officer asked the defendant "if there were any drugs or weapons in the vehicle," and the defendant's response was "No." Defendant was asked, "Did you have a conversation with him?" The defendant responded, "He asked if he could—would—if I would—if I cared if he looked in my car." The defendant responded, "I told him no." The defendant was then asked whether the officer asked permission to search the duffel bag or the defendant's personal belongings and the defendant responded, "No."

In *Jimeno*, the United States Supreme Court stated:

"In this case we decide whether a criminal suspect's Fourth Amendment right to be free from unreasonable searches is violated when, after he gives a police officer permission to search his automobile, the officer opens a closed container found within the car that might reasonably hold the object of the search. We find that it is not. The Fourth Amendment is satisfied when, under the circumstances, it is objectively reasonable for the officer to believe that the scope of the suspect's consent permitted him to open a particular container within the automobile." *Jimeno*, 500 U.S. at 249, 114 L. Ed. 2d at 301, 111 S. Ct. at 1803.

Although *Jimeno* involved a police officer seeing a brown paper bag on the floorboard of the car, the Supreme Court, as indicated by its statements above, considered the container to be closed. The Supreme Court further stated the following:

"We think that it was objectively reasonable for the police to conclude that the general consent to search respondent's car included consent to search containers within that car which might bear drugs. A reasonable person may be expected to know that narcotics are generally carried in some form of a container. 'Contraband goods rarely are strewn across the trunk or floor of a car.' [*United States v. Ross* (1982), 456 U.S. 798, 820, 72 L. Ed. 2d 572, 591, 102 S. Ct. 2157, 2170]. ***
***

*** A suspect may of course delimit as he chooses the scope of the search to which he consents. But if his consent would reasonably be understood to extend to a particular container, the Fourth Amendment provides no grounds for requiring a more explicit authorization. '[T]he community has a real interest in encouraging consent, for the resulting search may yield necessary evidence for the solution and prosecution of crime,

evidence that may ensure that a wholly innocent person is not wrongly charged with a criminal offense.' *Schneckloth v. Busta-monte* [(1973), 412 U.S. 218, 243, 36 L. Ed. 2d 854, 872, 93 S. Ct. 2041, 2056]." *Jimeno*, 500 U.S. at 251-52, 114 L. Ed. 2d at 303, 111 S. Ct. at 1804.

█ The Supreme Court in *Jimeno* referred to *United States v. Ross* (1982), 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157. For purposes of establishing the scope of the search in consent cases, it is helpful to consider the rationale on the scope of searches in the context of warrantless searches based on probable cause. As the Supreme Court stated in *Ross*: "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." (*Ross*, 456 U.S. at 825, 72 L. Ed. 2d at 594, 102 S. Ct. at 2173.) *Ross* involved a closed paper bag and a zippered leather pouch. The object of the search in *Ross* as here was for drugs.

Although *Jimeno* involved a brown paper bag, the Supreme Court does not differentiate in its decision whether the container was closed or open. *Jimeno* clearly refers to closed containers.

The facts of the present case do differ from those in *Jimeno* because of the language used by the respective police officers. In *Jimeno*, the officer specifically requested permission to *search* the car, and the defendant gave him permission to *search*. (*Jimeno*, 500 U.S. at 251, 114 L. Ed. 2d at 302, 111 S. Ct. at 1803.) In the present case, the testimony concerning the officer's request was that he asked defendant if defendant "cared if [the officer] looked in my car." When defendant responded no, the officer proceeded to search the car and the duffel bag located therein.

In *Jimeno*, the supreme court wrote the following:

"The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Jimeno*, 500 U.S. at 251, 114 L. Ed. 2d at 302, 111 S. Ct. at 1803-04.

█ The request by a police officer to look in a suspect's car might reasonably be understood as meaning no more than just that— only to *look*. The person addressed by the officer might reasonably believe from that request that a police officer would seek further and additional authority from the suspect if the officer wished to *search* objects he found when he *looked* in the car. Here, the police officer asked the defendant, immediately prior to his request to "look in the

car," if there were any drugs or weapons in the vehicle. The context of that question sufficiently informed the suspect of what the officer intended to do, and, under those circumstances, the officer could reasonably consider the defendant's statement—that he did not care if the officer looked in his car—to be a general consent to a search of that car, including contents thereof, as the Supreme Court held in *Jimeno*.

Upon reconsideration as directed by the United States Supreme Court and in line with *Jimeno* and *Ross*, it was error for the circuit court of Logan County to grant the motion to suppress. Accordingly, the circuit court of Logan County is reversed. The order granting the motion to suppress is vacated and the cause is remanded for further proceedings.

Reversed and remanded.

STEIGMANN and LUND, JJ., concur.