GRIFFIN, Judge.
The appellant, Thomas Fahie, pled nolo contendere to the charge of possession of a firearm by a convicted felon,[1] reserving the right to appeal the denial of his motion to suppress. He contends a search conducted at his home exceeded the scope of his consent. We affirm.
On February 22, 1991, four Orlando police officers went to Fahie’s home to investigate an attempted sexual assault at knife point allegedly committed by Fahie and a second man named “Ross.” Fahie answered the door, was informed of the allegations and was given Miranda warnings. At the suppression hearing, Fahie admitted that he agreed to let officers search the premises for “Ross.” An initial walk-through produced no results, but one of the officers returned to Fahie’s bedroom and, on this occasion, noticed a revolver lying in plain view on his bed.[2] A tele *92 phone check revealed the weapon had been reported stolen in Miami. Fahie then admitted there were other weapons in the house and showed police the location of a large knife like the one described by the victim of the assault, a second spring-loaded knife and a loaded .357 magnum. Fahie was arrested.
On appeal, Fahie contends that his consent to the search terminated when officers completed their initial walk-through search and that the “second” search exceeded the scope of his consent. The question is whether, viewed from an objective standpoint, the officers should have understood that they were privileged to conduct only a single cursory search for Ross. See Florida v. Jimeno, — U.S. -, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). We do not believe they were so limited, absent an express limitation to this effect imposed by Fahie. The lower court’s conclusion that the second inspection was within the scope of Fahie’s consent was supported by the testimony concerning the communications between Fahie and the officers, the fact that the officers never left the premises, that there was no significant delay, and both searches were made for the same purpose. See Phillips v. State, 625 P.2d 816 (Alaska 1980); Ferguson v. Caldwell, 233 Ga. 887, 213 S.E.2d 855 (1975); State v. Douglas, 123 Wis.2d 13, 365 N.W.2d 580 (1985).
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.

. § 790.23, Fla.Stat. (1989).

. Given that officers were lawfully in Fahie’s bedroom, they were entitled to seize a gun locat *92 ed in plain view. Diaz v. State, 206 So.2d 37 (Fla. 3d DCA 1968). There was some evidence that officers were also looking for a weapon when they obtained Fahie’s consent to enter the premises; however, there is no requirement of "inadvertence". See Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).