THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DELORES JAMES, Defendant-Appellee.

Fourth District   No. 4—92—0783

Opinion filed April 8, 1993.

COOK, J., dissenting.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten,
Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appel-
late Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's
Office, of Springfield, for appellee.

JUSTICE LUND delivered the opinion of the court:
The State appeals an order of the circuit court of Champaign
County suppressing cocaine evidence taken from the purse of defend-
ant Delores James. Defendant was a front-seat passenger in an auto-
mobile driven by Ruth Boolman, when the vehicle was stopped to in-
vestigate a possible license violation. After determining there was no
serious problem with the vehicle license, the officer stated that the
area was a high drug-traffic area and the officers were checking vehi-
cles. For purposes of this appeal, we assume Boolman, outside defend-
ant's presence and without her knowledge, consented to a search of
the vehicle for drugs. Officers removed the defendant and three other

passengers from the vehicle, at which time defendant left her purse on the front seat. During the search, officers opened the purse and found a pipe and a substance possibly being cocaine. There was no evidence to indicate defendant gave permission for the search of her purse or, for that matter, the automobile.

The State contends the consent to search the automobile for drugs permitted police to search the purse. The trial court agreed that consent to search an auto for drugs would extend to containers, acknowledging *Florida v. Jimeno* (1991), 500 U.S. 248, 114 L. Ed. 2d 297, 111 S. Ct. 1801, and *People v. Kelk* (1992), 231 Ill. App. 3d 797, 596 N.E.2d 1267. However, the court decided *Jimeno* and *Kelk* are different because, here, we have five people in the automobile and, in the words of the trial judge:

> "The purse is found where one of those other persons who has not given consent to search the car or container was seated. *** I'm inclined to hold that there was no consent to search that particular purse under all the circumstances here."

■■ *Jimeno* and *Kelk* establish that when a driver consents to the search of a vehicle for drugs, the right to search extends to closed containers. Part of the reason for this rule is that drugs are usually kept in closed containers. With this opinion we go further and say that when a driver consents to a search for drugs, that consent extends to containers—be they purses, wallets, cases, boxes, sacks, or otherwise—left in the vehicle by exiting passengers. This is true regardless of the passenger's knowledge of the driver's consent.

■■ The Supreme Court in *Jimeno* held that a consent to search a vehicle for drugs extended to .closed containers. In doing so, it was acknowledged that the "touchstone of the Fourth Amendment is reasonableness," citing *Katz v. United States* (1967), 389 U.S. 347, 360, 19 L. Ed. 2d 576, 587, 88 S. Ct. 507, 516. (*Jimeno*, 500 U.S. at 250, 114 L. Ed. 2d at 302, 111 S. Ct. at 1803.) We are not inclined to say that driver consent to search for drugs extends to closed containers but not those closed containers which *may* belong to others who have exited the vehicle. We ponder how the searching officers will distinguish between ownership of the various containers in the vehicle. In the search process, such split-second decisions are likely given little thought.

A third party may give legally sufficient consent for a search if he has actual authority over the property shared in common with the defendant. (*United States v. Matlock* (1974), 415 U.S. 164, 171, 39 L. Ed. 2d 242, 250, 94 S. Ct. 988, 993.) By allowing the driver to exercise authority over a vehicle, a defendant assumes the risk that the

driver will allow someone to look inside it. (*People v. Miller* (1975), 36 Ill. App. 3d 542, 549, 345 N.E.2d 1, 7-8; see also *People v. Harris* (1990), 199 Ill. App. 3d 1008, 1013, 557 N.E.2d 1277, 1280.) We find no justifiable reason to limit the effect of driver consent to search where a passenger aware or unaware of the consent to search leaves a container in the automobile.

Reversed and remanded.

KNECHT, J., concurs.

JUSTICE COOK, dissenting:
I respectfully dissent.

Under the majority decision a police officer desiring to search a purse which he finds in a car may choose to ask the driver for consent, even though he knows the purse belongs to a passenger. I cannot agree the rights protected by the fourth amendment can be eroded by such an unrealistic doctrine of apparent authority. See *Stoner v. California* (1964), 376 U.S. 483, 488, 11 L. Ed. 2d 856, 860, 84 S. Ct. 889, 892.

In *People v. Bolar* (1990), 205 Ill. App. 3d 597, 563 N.E.2d 1225, a driver authorized the police to search his vehicle. Before exiting the vehicle the defendant passenger placed a Kentucky Fried Chicken box he had been using into an open paper sack standing on the floorboard at his feet, and left the sack in the vehicle. In reversing the suppression of the sack's contents, the Third District Appellate Court stated:

> "The uncontroverted evidence established that Wallace, the driver and owner of the vehicle, consented to a search of the car and its contents. The sack was open and standing in plain view. Moreover, the defendant did not assert a possessory interest in the sack or its contents. Consequently, we find that he did not have a legitimate expectation of privacy in the sack and thus lacked standing to challenge the search." *Bolar*, 205 Ill. App. 3d at 599, 563 N.E.2d at 1227.

Applying *Bolar* to this case it appears that defendant's purse was not open. It further appears that defendant was never given the opportunity to assert a possessory interest in the purse, as she did not know the driver had consented to a search of the vehicle. Although a defendant may not have a legitimate expectation of privacy in an open sack which he leaves in another's car, the same cannot be said of a purse. It is difficult to conceive of any item in which a defendant has a more legitimate expectation of privacy than her purse. The

purse here was not abandoned or left in the car for a matter of days, but for only a few minutes, after defendant was ordered out of the vehicle, and before any request to search was made.

When the police removed the five occupants from the vehicle, obtained the consent of the driver to a search, and found the purse on the front seat, it is possible that the purse might have belonged to the driver, or the purse might have belonged to a passenger and the driver had authority to consent to its search. The trial court, however, found that a reasonable officer would have believed that the purse belonged to the passenger who was sitting where it was found and the driver had no authority to consent to its search.

Just as an officer is not always entitled to accept a person's invitation to enter a premises, an officer is not always entitled to rely on a person's consent to search personal property.

> "Even when the invitation is accompanied by an explicit assertion that the person lives there, the surrounding circumstances could conceivably be such that a reasonable person would doubt its truth and not act upon it without further inquiry. As with other factual determinations bearing upon search and seizure, determination of consent to enter must 'be judged against an objective standard: would the facts available to the officer at the moment . . . "warrant a man of reasonable caution in the belief"' that the consenting party had authority over the premises? *Terry v. Ohio* [(1968), 392 U.S. 1, 21-22, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1880]. If not, then warrantless entry without further inquiry is unlawful unless authority actually exists. But if so, the search is valid." (*Illinois v. Rodriguez* (1990), 497 U.S. 177, 188-89, 111 L. Ed. 2d 148, 161, 110 S. Ct. 2793, 2801.)

Here the trial court found that a reasonable officer would not have relied upon the driver's consent but would have inquired further. The trial court's decision was not contrary to the manifest weight of the evidence.

The apparent authority cases cited by the majority have little relevance to this case. There is no indication the driver and the passenger shared the purse in common here, as the parties shared their bedroom in *Matlock*. This case is not much like *Miller* or *Harris*, where the owner of a vehicle allowed someone else to drive it, and thereby assumed the risk the driver would allow someone to look inside it. Nor, for that matter, is this case much like *Rakas v. Illinois* (1978), 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421, where a passenger sought to object to a search under the seats of the vehicle and in the glove

compartment. This would be a more difficult case, under *Bolar* and *Harris*, if the police had asked for the driver's consent in defendant's presence, and defendant had remained silent.

I would affirm the order of the circuit court suppressing the evidence.